UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

MANUEL FRANCO,

                      Plaintiff,

        -against-

VICCENT MICCOLI, et al.,

                      Defendants.
------------------------------------------------------------------X

09 Civ. 8788 (GBD) (DF)

**REPORT AND RECOMMENDATION**

**TO THE HONORABLE GEORGE B. DANIELS, U.S.D.J.:**

      This Section 1983 action has been referred to me by the Honorable George B. Daniels, U.S.D.J., for general pretrial supervision. Plaintiff Manuel Franco ("Plaintiff"), proceeding *pro se*, initially filed a Complaint in the action more than two-and-a-half years ago. (*See* Dkt. 2.) Since then, Plaintiff has repeatedly missed deadlines, first for filing an amended pleading, and then for effectuating service on the defendants. The Court has twice dismissed the action for Plaintiff's seeming failure to prosecute, and has twice reopened the case, when Plaintiff belatedly wrote and asserted that he had not received the Court's Orders or that such Orders had been lost or destroyed by the Department of Correction. In addition, mail sent by the Court to Plaintiff has repeatedly been returned as undeliverable, as Plaintiff – who, during the period that this suit has been pending, has apparently been incarcerated at more than one facility, including at least two psychiatric centers – has not consistently kept the Court apprised as to his changes of address.

      At this point, based on the totality of the history set forth below, which includes a number of attempts by the Court and the Court's *Pro Se* Office to provide Plaintiff with assistance, I recommend that this action again be dismissed without prejudice, pursuant to Rules

4(m) and 41(b) of the Federal Rules of Civil Procedure, for failure to serve the defendants with process in a timely manner, and for failure to prosecute.

## BACKGROUND

In the Court's March 3, 2011 Order (Dkt. 13), familiarity with which is assumed, the Court provided a detailed summary of this case's procedural history, including the Court's prior attempts to provide Plaintiff with the materials and instructions that would enable him to effect service. In sum, Plaintiff filed a Complaint with this Court in May 2009 (Dkt. 2) and was ordered on October 16, 2009 to file an Amended Complaint within 60 days (Dkt. 3). After dismissing the action on December 23, 2009 for Plaintiff's failure to comply with this deadline (Dkt. 4), the Court reopened the case on January 13, 2010 (Dkt. 5), based on Plaintiff's representation that he had never received the October 16, 2009 Order. At that time, the Court ordered the Clerk of the Court to accept Plaintiff's late-submitted Amended Complaint for filing. (*Id.*)

On April 14, 2010, the *Pro Se* Office mailed Plaintiff a service package, including the forms necessary to serve the Amended Complaint on the defendants. The Court presumes that this particular package, which was not returned as undeliverable, was received by Plaintiff. Plaintiff, however, took no action on the case for several months, leading the Court to send him a letter on October 7, 2010, advising him that his time to serve his Amended Complaint on the defendants had expired, but that, upon a showing of good cause, the Court would consider extending that service deadline. (*See* Dkt. 11.) The Court gave Plaintiff until November 15, 2010 to file a response showing why an extension of time was required, and advised Plaintiff that, should he fail to respond, this Court would recommend to Judge Daniels that the action

2

again be dismissed. (*Id.*) As Plaintiff failed to respond by that deadline, Judge Daniels directed the Clerk of the Court to close this case on January 10, 2011. (Dkt. 12.)

In a letter dated February 5, 2011, however, Plaintiff requested that the Court reopen his case for a second time, claiming that the Court's October 7, 2010 letter was lost, through no fault of his own, as he was released from custody that month. (*See* Letter to the Court from Plaintiff, dated Feb. 5, 2011.) Based on this contention, the Court, in its March 3, 2011 Order, found "good cause" to reopen the matter, directed the *Pro Se* Office to provide Plaintiff a Second Amended Summons, together with the forms necessary to permit service of the Amended Complaint, and, under Rule 4(m), granted Plaintiff 60 days from the date of the Amended Summons within which to serve the defendants. (*See* Dkt. 13.) The Court, however, cautioned that no further extensions would be granted, absent a showing of "extraordinary cause," and reiterated to Plaintiff that he had an obligation to prosecute his case diligently. (*Id.*) The Court further cautioned that if he failed to do so, the Court could dismiss the action under Rule 41(b) of the Federal Rules of Civil Procedure, for failure to prosecute.

The Court mailed the March 3, 2011 Order to the address that it had on file for Plaintiff, but it was returned to the Court as undeliverable. Similarly, although the Court's *Pro Se* Office duly attempted (twice – on March 10 and March 18, 2011) to mail new service packages to Plaintiff in accordance with the Court's March 3 Order, each of the packages were returned as undeliverable. On April 4, 2011, after having conducted independent research on Plaintiff's contact information, the *Pro Se* Office mailed a change of address notification form to Plaintiff. That mailing was not returned (and was thus presumably received by Plaintiff), but the Court received no response from Plaintiff. Finally, on May 3, 2011, after having conducted still further research on Plaintiff's contact information, the *Pro Se* Office mailed yet another service package

3

to him.[1] Again, this mailing was not returned, but it does not appear that Plaintiff took the required steps to effectuate service. Rather, on July 15, 2011, the Court received a letter from Plaintiff (Dkt. 14), stating that "sometime in the mo[]nth of April, [the Court] sent [him] a packet, explaining all the details of how to go about filing a summon[]s to the courts in connection with [his] lawsuit." Once again, Plaintiff claimed that "this packet . . . was lost and destroyed by corr[ections]" and requested that the Court "resubmit this summons and inform [him] as to how to file another one." (*Id.*)[2]

## DISCUSSION

Rule 4(m) dictates that, where timely service is not made after notice to the plaintiff, the Court may dismiss the action without prejudice. Further, a petitioner has a general obligation to prosecute his case diligently and to keep the Court apprised of his current mailing address, and, if he fails to do so, the Court may dismiss the action under Rule 41(b), for failure to prosecute. *See Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982); *see also Wilson v. New York City Corp. Counsel*, No. 07 Civ. 3658 (JSR) (GWG), 2008 WL 516014, at *1 (S.D.N.Y. Feb. 27, 2008) (adopting report and recommendation stating that "it was plaintiff's responsibility to apprise the Court of his current address"). "A [petitioner's] lack of diligence alone is enough for dismissal." *West v. City of New York*, 130 F.R.D. 522, 526 (S.D.N.Y. 1990) (citation omitted); *see also Ortiz v. United States*, No. 01 Civ. 4665 (AKH), 2002 WL 1492115, at *2 (S.D.N.Y. July 11, 2002) (dismissing case for failure to prosecute where "[p]laintiff ha[d] not

---

[1] The last address for Plaintiff discovered by the *Pro Se* Office was the Anna M. Kross Center address noted below.

[2] Plaintiff further wrote: "Also, I filed another lawsuit in connection to [a] [d]ifferent incident [and] I would like to know how to p[ur]sue this lawsuit as well." (*Id.*)

4

even fulfilled his minimal obligation to keep the *pro se* office of this Court informed of his change of address"). The Court need not wait for a motion to dismiss, *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962), and is not required to provide notice of the dismissal, *see West*, 130 F.R.D. at 524. Indeed, because district courts are "necessarily vested" with the control required "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases," this Court may even dismiss an action *with* prejudice, where a petitioner fails to prosecute his case. *Link*, 370 U.S. at 630-31.

In this action, the Court understands that Petitioner is proceeding *pro se,* that he has been incarcerated – at times in psychiatric centers, and that, in various instances after he commenced the action, he has expressed a desire to move forward with his case. At this point, however, the Court must recognize that it has twice dismissed the case because of Plaintiff's failure to comply with the Court's deadlines, has sent Plaintiff four service packages, and has reminded Plaintiff repeatedly about his responsibility to prosecute his lawsuit diligently. Meanwhile, Plaintiff has failed to notify the Court promptly of changes to his address, causing service packages to be returned as undeliverable and thereby delaying resolution of this action. Moreover, Plaintiff failed to serve the defendants within 60 days of the date that the Second Amended Summons was issued, in violation of the Court's March 3, 2011 Order and Rule 4(m). (*See* Dkt. 13.) The Court's Order cautioned that no further extensions would be granted, absent a showing of "extraordinary cause." (*Id.*) Even assuming, as Plaintiff now contends, that corrections officers lost or destroyed the last service package in his possession, Plaintiff has not specified when these events occurred; if the loss or destruction of the service package occurred *after* the service deadline imposed by the Court, then any such loss or destruction would not excuse Plaintiff's failure to serve the defendants within the Court-ordered timeframe.

On the present record, the Court finds that Plaintiff has not demonstrated "extraordinary cause" for a further extension of the deadline for service, as required by the Court's March 3, 2011 Order. Accordingly, I respectfully recommend that this action be dismissed once again, without prejudice, pursuant to both Rule 4(m) and Rule 41(b). If Plaintiff has good reasons why he did not keep the Court apprised of his changes of address and why the supposed loss or destruction of the documents sent to him by the Court prevented him from serving the defendants with process within the time frame mandated by the Court, then he should present these reasons to Judge Daniels within 14 days of this Report and Recommendation.

## CONCLUSION

For the reasons set forth above, I recommend that Plaintiff's claims be DISMISSED without prejudice pursuant to Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure, and that the case be closed on the Docket of the Court.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, Plaintiff shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Honorable George B. Daniels, United States Courthouse, 500 Pearl Street, Room 630, New York, New York 10007, and to the chambers of the undersigned, United States Courthouse, 500 Pearl Street, Room 525, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Daniels. FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993);

*Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988); *McCarthy v. Manson*, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated:   New York, New York
         June 5, 2012

                                       Respectfully submitred,

                                       DEBRA FREEMAN
                                       United States Magistrate Judge

Copies to:

The Honorable George B. Daniels, U.S.D.J.

*Pro Se* Office

Mr. Manuel Franco
Anna M. Kross Center
18-18 Hazen Street
East Elmhurst, NY 11370

Mr. Manuel Franco
#895-09-00776
Bellevue Hospital Prison Ward (BHPW)
27th Street 1st Avenue - 19 North
New York, NY 10016

(Copies of electronically-reported decisions
enclosed in mailings to *pro se* Plaintiff)