USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: APR 01 2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MANUEL FRANCO,

            Plaintiff,

-against-

VICCENT MICCOLI, Doctor KUNZ, SHEIK'EL MAGONA, Doc. ANUGA, and JOHN DOEs 1-2,

            Defendants.

MEMORANDUM DECISION
AND ORDER

09 Civ. 8788 (GBD) (DF)

---

GEORGE B. DANIELS, United States District Judge:

    Plaintiff Manuel Franco brought this action while incarcerated under 42 U.S.C. § 1983 on October 16, 2009. This Court referred the matter to Magistrate Judge Debra Freeman on January 22, 2010. In the intervening three and a half years, Plaintiff has repeatedly missed court ordered deadlines, and repeatedly failed to appraise the Court of his address when it changed, resulting in the dismissal of this action without prejudice twice. Despite mailing Plaintiff four service packages (which include copies of the summons and instructions regarding how to serve it), Plaintiff has never served any defendant.

    Most recently, Magistrate Judge Freeman issued an order on March 3, 2011 that required Plaintiff to serve Defendants within 60 days. ECF No. 13. That order cautioned that no further extensions would be permitted absent "extraordinary cause." Id. The order also warned Plaintiff that failure to adhere to the order would result in dismissal pursuant to Fed. R. Civ. P 41(b) for failure to prosecute. The first copy of this order was returned to the Court as undeliverable, after which the pro se office undertook its own investigation to determine Plaintiff's address. Once a

prison address was located, the pro se office sent Plaintiff a copy of the Order and another service package (neither of which were returned as undeliverable). Plaintiff failed to comply with the order. Instead, Plaintiff sent this Court a one-page letter on July 15, 2011, in which he indicated that he received the service package, but that the package was later somehow "lost and destroyed by corr. [sic]." Plaintiff did not offer any details as to how or when this happened.

Since that date, the Court has heard nothing from Plaintiff and there is no indication that he intends on prosecuting this action. On June 5, 2012, Magistrate Judge Freeman issued a Report and Recommendation recommending dismissal without prejudice (once again) for failure to serve Defendants and failure to prosecute in violation of Fed. Rs. Civ. P. 4(m) and 41(b). ECF No. 15.

The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1)(C). When there are objections to the Report, the Court must make a de novo determination of those portions of the Report to which objections are made. Id.; see also Rivera v. Barnhart, 423 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. See Fed. R. Civ. P. 72 (b); 28 U.S.C. § 636(b)(1)(C). The Court need not conduct a de novo hearing on the matter. See United States v. Raddatz, 447 U.S. 667, 675-76 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. Nelson v. Smith, 618 F. Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir. 1983)). When no objections to a Report are made, the Court may adopt the Report if "there is no clear error on the face of the record." Adee Motor Cars, LLC v. Amato, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

2

The Magistrate Judge sent a copy of the Report to Plaintiff (which was not returned as undeliverable[1]), in which she advised the parties that pursuant to 28 U.S.C. § 636(b)(1), failure to file timely objections to the Report would result in waiver of objections and preclude appellate review. Although nine months have passed, Plaintiff did not object to the Report. As there is no clear error on the face of the record, this Court adopts the Report in its entirety.

Magistrate Judge Freeman properly determined that Plaintiff's complaint should be dismissed. This Court may dismiss a claim for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." Fed. R. Civ. P. 41(b). Plaintiff has repeatedly missed court ordered deadlines and failed to keep the Court appraised of his address. Plaintiff has taken no steps to prosecute this action over a period of almost four years despite repeated efforts by the Court to accommodate him.

## Conclusion

Plaintiff's complaint is DISMISSED. The Clerk of the Court is directed to close this case.

Dated: April 1, 2013
New York, New York

SO ORDERED

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge

APR 01 2013

---

[1] Magistrate Judge Freeman issued her report on June 5, 2012, and sent a copy to the address that the Court had on file at the time for Plaintiff at the Anna M. Kross Center (18-18 Hazen St., East Elmhurst, NY 11370) and at the Bellevue Hospital Prison Ward (27th St., 1st Ave – 19 North, New York, NY 10016). On June 27, 2012, Plaintiff filed a change of address form with the Court which updated his address to 79-25 Winchester Blvd., Queens Village, NY 11427. This Court will send a copy of this order to this address.

3